# Harris *v.* The State.

## *Murder.*

(Decided June 1, 1915.   69 South. 344.)

1. *Evidence; Res Gestae.*—A statement by deceased to bystanders, after running out of the room where he had received the fatal knife wound from defendant, "Boys, see how bad he has cut me," was part of the res gestæ, and properly admitted.

2. *Same.*—Where the cutting was not denied, the admission of such a statement by deceased was not prejudicial.

APPEAL from Limestone Circuit Court.

Heard before Hon. D. W. SPEAKE.

Ed Harris was convicted of manslaughter and he appeals. Affirmed.

W. R. WALKER, for appellant.

W. L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General, for the State.

THOMAS, J.—(1)  The record presents only one question, and this arises out of the action of the court in overruling the objection and exception of the defendant to the testimony of the state's witness John Bailey as to a statement made to witness and others by deceased after the latter received the fatal knife wound at defendant's hands, which statement was as follows: "Boys, see how bad he has cut me." It appears that the difficulty commenced in a room at a livery stable where the deceased and the defendant and the witness and others were at the time; that during the quarrel in there between deceased and defendant the former threw a vaseline bottle at defendant, whereupon defendant immediately drew his knife, and that as he did so, and before the cutting was done, the witness and the others present, except defendant and deceased, ran out of the room, leaving the two inside; that a while thereafter (about a minute, so another witness testifies) the defendant came running out of the door, being followed by deceased, who upon reaching witness and the others at the door said: "Boys, see how bad he (meaning defendant) has cut me." Evidence of this statement was clearly admissible as a part of the res gestæ.—*Nelson v. State*, 130 Ala. 83, 30 728.

(2)    Besides, even if it were not, there was no injury in admitting it, as defendant does not deny that he did the cutting and that such cutting resulted in the death of deceased.    Defendant sought only to show that he acted in self-defense in doing the cutting, and not that he did not do the cutting. Hence the statement attributed to deceased was, in practical effect, admitted to be true by defendant.

Affirmed.